THE CROWN OF GALICIA.   THE M. MORAN.   THE HELEN B. MORAN.

(Circuit Court of Appeals, Second Circuit.   March 14, 1916.)

Nos. 187, 188.

COLLISION ⊜⇒71(2)—DRY DOCK IN TOW—COLLISION WITH STEAMSHIP AT
    PIER.

> Two tugs *held* solely in fault for a collision between a section of dry
> dock, 80 by 125 feet in size, which they were towing into Erie Basin by a
> hawser attached to one corner, and a steamship which lay at a pier just
> within the entrance, on the ground that the steamship was in a safe place
> under ordinary circumstances, and that the tugs could have avoided the
> collision by the exercise of ordinary care, or by requesting the steamship
> to move until they passed.
>
> [Ed. Note.—For other cases, see Collision, Cent. Dig. § 101;  Dec. Dig.
> ⊜⇒71(2).]

Appeals from the District Court of the United States for the Eastern
District of New York.

Suit for collision by Harry Cossey against the steamship Crown of
Galicia, the Crown Steamship Company, Limited, claimant, and the
tugs M. Moran and Helen B. Moran, the Moran Towing & Trans-
portation Company, claimant, with cross-libel by the Crown Steamship
Company against the tugs, Dry Dock Section No. 6, Harry Cossey,
claimant, and others.   Decrees for libelant and cross-libelant against
the two tugs (232 Fed. 299), and their claimant appeals.   Affirmed.

On appeal by the Moran Towing and Transportation Company from
final decrees holding both of the appellant's tugs—the M. Moran and
the Helen B. Moran—liable for the damages sustained by Dry Dock
Section No. 6, which, while being towed by the tugs, collided with the
stern of the steamship Crown of Galicia, which was moored to a pier
in the Erie Basin.

Samuel Park, of New York City, for appellant.
William J. Martin and George V. A. McCloskey, both of New York
City, for appellee Cossey.
Kirlin, Woolsey & Hickox, of New York City (William H. Mc-
Grann, of New York City, of counsel), for the Crown of Galicia.
Haight, Sandford & Smith, of New York City, for Gans S. S. Line.
Ralph James M. Bullowa, of New York City, for appellees Beard
and Robinson.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge.   The facts are fully stated in the opinion of
the District Judge and need not be repeated here in detail.   There also
appears in the opinion a simple diagram which makes the place of
collision and the general situation perfectly plain.

The collision occurred in the Erie Basin on Sunday about 10:30
a. m., resulting in serious damage to a section of a dry dock which was
being towed in by two tugs—the M. Moran and the Helen B. Moran.
The Crown of Galicia, a steamer about 400 feet long and 52 feet beam,

was moved to Pier 4 on the southerly side of the slip, her stern protruding out into the gap for a short distance, from 15 to 20 feet. The dry dock was an awkward structure 125x80 feet and 45 feet in height and it was towed cornerwise. We do not think the Crown of Galicia can be held liable in any event, first, because she was in no way negligent and second, she was chartered by the Gans Steamship Line whose duty it was to provide a safe berth. If there was failure to do this the Gans Line was responsible and not the vessel ordered to the berth. The slight extension of her stern could not have 'been avoided and it was perfectly obvious to any vessel entering the Basin. We do not think, however, that in these circumstances the Gans Line was responsible. The dock in question provided a safe berth under ordinary circumstances. The stern of the Crown of Galicia projected only about 15 or 20 feet beyond the pier. Any ordinary vessel could have proceeded without the least difficulty. The Gans Line and the Crown of Galicia had no reason to suspect that a large unwieldly craft was to be towed into the Basin with the line attached to one corner only. This method of towing was referred to by us in The Merida, 210 Fed. 440, 127 C. C. A. 172. We there said:

"The practice of towing a rudderless scow with square ends by a line fixed to one corner of the bow is new to us. It is said to be followed for the purpose of keeping the scow clear of the .tug's wash, the scow under such circumstances towing steadily on one side or the other of the tug, according as the line is fixed to the port or starboard corner. Several of the witnesses say that the effect of towing the scow from her port corner would be to keep her on the starboard side of the tug. We think this cannot be so."

The tugs were in full charge of this dry dock section; there was nothing to prevent them from towing it safely had they shown ordinary prudence. If the channel was dangerous, as is now asserted, they should have requested the Crown of Galicia to move further in and waited until the channel was in a safe condition to proceed. In The Skidmore, 115 Fed. 791, 53 C. C. A. 287, this court said:

"Especially should the court be slow to hold such an error of judgment a fault contributory to a collision when there need have been no collision if the other and moving vessel had been cautiously and vigilantly navigated."

It is unnecessary to add further to the opinion of the District Court. We think both tugs were liable for the damage done to the Dry Dock Section No. 6 and to the Crown of Galicia.

The decrees are affirmed with interest and costs.