## UNIVERSAL S. S. CO. v. AMERICAN S. S. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. December 11, 1926.)

No. 3790.

1. **Admiralty** ⬅118—**Conclusion of trial court, required to find facts, will not be disturbed, except in clear case.**

In libel for damages from collision, conclusion of trial court, required to find facts, will not be set aside, except in clear case.

2. **Admiralty** ⬅73—**That court erroneously placed burden of proof of negligence of tugs on vessel with which tow collided held not established.**

Court *held* not shown to have erroneously placed burden of proof of negligence of tugs

on vessel with which tow collided, rather than on tugs.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Libel by the Universal Steamship Company against the American Steamship Company, as owner of the Steamer Louis R. Davidson, in which respondent impleaded certain tugs. From a decree dismissing the libel the Universal Steamship Company appeals. Affirmed.

Thomas H. Garry, of Cleveland, Ohio, for appellant.

Harney B. Stover, of Milwaukee, Wis., for appellees Meyer and others.

Lawrence E. Coffey, of Buffalo, N. Y., for appellee American S. S. Co.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. While the steamer Spokane, owned by appellant, was lying moored to a dock in the Milwaukee river, the steamer Davidson was towed, stern first, through the river by two tugs, the Meyers, hitched stern to stern, and the Simpson, hitched bow to bow to the Davidson. In passing, the Davidson swung round and struck the Spokane, doing some damage. The appellant filed a libel against the Davidson for damages for the collision. The owner of the Davidson answered, admitting the collision, but denying responsibility therefor, alleging that she was in charge of the tugs when the accident happened, and by petition brought in the tugs under rule 56. The owner of the Davidson also filed its libel against the tugs, to recover damages sustained by it.

In appellant's libel it was alleged that those in charge of the Davidson's navigation were incompetent and reckless; that she did not have and maintain a sufficient and efficient lookout; that she did not take timely or any means to avoid collision, and was navigated in such manner that she was permitted to collide with the Spokane, properly moored at her dock.

The owner of the Davidson in its libel charged that the tugs were at fault, in that their masters and crews were incompetent and inattentive to their duties, that neither tug maintained a proper lookout, and that, after each should have observed that a squall was approaching, they continued ahead with the Davidson, knowing that the tug at her bow did not have sufficient power to hold her against a strong wind.

The owners of the tugs answered, denying

the charges of fault alleged against them, and averring that the tugs were skillfully and prudently navigated, but that, as the bow of the Davidson was clearing a bridge, through which they were passing, a sudden, violent squall struck the side of the Davidson, and by its irresistible force carried her bow against the Spokane.

Upon these issues the cause was tried and the libels were dismissed.

[1] The evidence fully covered the physical surroundings, the situation at the time of the collision, the conduct of the persons in charge of the moving vessels, the approach of the storm, and the suddenness with which the wind veered round from the opposite direction and burst upon the Davidson, driving her against the Spokane. The trial court was called upon to determine what the facts were, who, if any one, was responsible for the collision, and only in a clear case would we be justified in setting its conclusions aside. There was sufficient evidence to warrant the holding that faulty or incompetent seamanship, or negligence, or incompetency of those in charge of the movements of the vessels did not appear.

[2] It is urged that the court erred in ruling upon the burden of proof, the insistence being that, as the Spokane was moored at a dock (and thus asserted to be without fault), the burden was upon the tugs and the Davidson to show themselves free from fault. The court made no direct ruling upon this point. At the beginning of the trial, in answer to a question as to who should proceed first, the court directed that appellant should first introduce its evidence. Nowhere does it appear that the court, in weighing the evidence, applied a wrong or any particular rule as to burden of proof.

We have, however, considered the evidence in the light of appellant's contentions, and, applying the rule as claimed, we are not willing to disturb the trial court's conclusions.

Affirmed.