**GENERAL AMERICAN TRANSP. CORP.**

v.

**THE PATRICIA CHOTIN et al.**

No. 1576.

United States District Court
E. D. Louisiana, New Orleans Division.

April 9, 1954.

Terriberry, Young, Rault & Carroll, Andrew R. Martinez and Benjamin W. Yancey, New Orleans, La., for libelant

Jones, Walker & Waechter, A. J Waechter, Jr., New Orleans, La., for respondent.

WRIGHT, District Judge.

This is an action to recover for damages to two pile clusters at the libelant's dock in the Houston Ship Channel caused by the Tug Patricia Chotin and her tow. The damage took place on December 8, 1946. This libel was not filed until December 7, 1948, and respondent has incorporated a plea of laches in its answer to this libel. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties, and due deliberation having been had, the Court now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. At all times relevant libelant was the owner of a dock and plant on the Houston Ship Channel. The libelant has several pile clusters at this location. The two clusters involved here were a 27 pile cluster which was rebuilt early in 1946 following its destruction by fire, and a smaller 7 pile cluster which was built in 1941.

2. Respondent was the owner and operator of the Tug Patricia Chotin. On December 8, 1946, the Patricia Chotin

lay alongside libelant's dock with two loaded tank barges and with lines tied to the smaller 7 pile cluster. In seeking to maneuver so as to turn around and leave the dock, the Patricia Chotin, owing to a temporary engine failure which prevented the engine from going astern, caused its lead barge to come into contact with both the 7 pile cluster and the 27 pile cluster. The Patricia Chotin was maneuvering very slowly at the time in order to turn around. The lead barge of her tow therefore did not strike either cluster a heavy blow, the damage caused being due to the effect of leverage.

3. The 7 pile cluster was completely pushed over. However, Captain Paul A. Chotin, Master of the Patricia Chotin, who was at the wheel at the time, testified that he had occasion to observe this 7 pile cluster prior to the incident, and that the cluster was rotten and in very poor condition.

4. The libelant's plant superintendent was a witness for the libelant and he admitted during the course of his deposition that this 7 pile cluster had been loosened and shaken by barges and had to be rewrapped and tightened up occasionally. He also testified as to the number of barges using this cluster by coming into contact with it. He also testified that the average life for this type of cluster would be between twenty-five and thirty years. This must certainly be taken as an outside figure and a fairer estimate would be twenty years, or even less. The cost of replacing this 7 pile cluster was $1,210.

5. The damage to the larger 27 pile cluster is another story. Here the cost of repair was $5,060. As to the extent of damage caused by the Patricia Chotin and her tow, the Master of the Patricia Chotin testified that after the lead barge of his tow glanced against this 27 pile cluster it was only pushed slightly out of plumb, thus indicating that the damage was of a very slight character. Before a survey was made to determine the extent of the damage to this 27 pile cluster, it was completely destroyed by the Tug Ahepa and her tow.

6. The libelant collected the sum of $2,650 from the Ahepa interests in compromise settlement for the damage caused by the Ahepa and gave a general release which has been introduced in evidence in these proceedings. Counsel for libelant admit that the libelant is now trying to recover not in excess of $2,200 for the alleged damage to the 27 pile cluster.

7. At the exact time that the Ahepa and her tow struck and totally demolished the 27 pile cluster, Mr. Bone, representing the firm which had installed this cluster, and Mr. Buckner, libelant's plant superintendent, were on libelant's dock. Both were witnesses for libelant. Mr. Bone was on the scene preparatory to making a survey of the damage caused by the Patricia Chotin. However, Mr. Bone did not make a survey. He testified that since the destruction of the cluster by the Ahepa made it impossible for him to survey the damage caused by the Patricia Chotin, he made an estimate by "mental arithmetic" of forty per cent "as an outside figure" to cover the damages caused by the Patricia Chotin.

8. Mr. Bone admitted that the only way he could tell the extent of the damage caused by the Patricia Chotin was to pull the wrapping off the cluster and then test it. But before he got around to doing this, the Ahepa completely destroyed the cluster. And Mr. Buckner admitted that he was not in a position to say what damage was caused by the Ahepa and what damage was caused by the Patricia Chotin.

On The Issue Of Laches

9. Mr. Buckner, libelant's plant superintendent, witnessed the accident in question, and sent a letter of demand and notice to the Patricia Chotin immediately.

10. On May 13, 1948, a year and five months after the accident, libelant forwarded to its counsel in Houston, Tex-

as, the file in this case. Shortly following that date, counsel contacted and commenced correspondence and negotiations with the attorneys for respondent in New Orleans.

11. For about six months thereafter, counsel for libelant in Houston and counsel for respondent in New Orleans exchanged views on this case through correspondence and conferences, until on November 10, 1948, counsel for respondent raised the question of laches as a defense, but still suggested a compromise figure.

12. On December 4, 1948, counsel for libelant filed a libel covering this dock damage in the Houston Division of the United States District Court for the Southern District of Texas, and in the Beaumont Division of the United States District Court for the Eastern District of Texas. Process was issued in each libel against the Patricia Chotin but was never executed since the Patricia Chotin could never be found.

13. On or about December 7, 1948 counsel for libelant filed in this Court a libel against the Patricia Chotin, to which libel an answer was eventually filed.

Conclusions Of Law

■ 1. This court has jurisdiction over the subject matter of this action and venue is properly laid in the Eastern District of Louisiana. 28 U.S.C. § 1333.

■ 2. A moving vessel which collides with a fixed and known structure is presumptively at fault and has the burden of exculpating itself. The Tug Patricia Chotin is liable for the damage to libelant's dock as a result of the collision of December 8, 1946, not only for its failure to carry its burden of exculpation, but also because its own evidence disclosed that the cause of the accident was the unexplained failure of her engines to work or function properly during the maneuvers.

■ 3. Libelant is not guilty of inexcusable delay in the filing of this libel, and in any event, respondent has not been prejudiced by the lapse of time. The statute of limitations governing accidents of this type in Texas, the situs of the accident, is two years. Libel was commenced in Texas within the time allowed by the Texas statute and the libel which was filed in this court was filed within that period. Therefore, libelant has not delayed in the enforcement of its rights and is not guilty of laches. On the contrary, in view of the course of dealing between the parties, and in view of the commencement of the libels in Texas within the two years, the present libel was timely brought.

■ 4. The libelant is not guilty of contributory negligence.

■ 5. Since the life expectancy of a pile cluster is twenty years and since the 7 pile cluster was five years old at the time of the collision, libelant is entitled to three-fourths of its replacement cost.

■ 6. With reference to the 27 pile cluster, while it is impossible to find with any degree of certainty the exact amount of damage to it resulting from the negligence of the Patricia Chotin, it is clear there was some damage. The Master of the Patricia Chotin himself testified that the collision pushed the cluster back two feet. The fact that the Ahepa came along the next day and completed the destruction of the cluster should not relieve the Patricia Chotin from its obligation to repair the damage she had done.

■ 7. In the circumstances of this case strict proof of the damage to the 27 pile cluster should not be required and libelant should be compensated for its damage on any reasonable basis available. In view of the fact the surveyor, Mr. Bone, testified his estimate of forty percent was "an outside figure", a more conservative figure should be adopted by this court. That figure will be thirty percent.

Decree accordingly.