**UNITED STATES of America,**
Libellant,

v.

**E. B. PINCKNEY, Sam Adler and Liberty**
**Plumbing Supply and Salvage**
**Co., Inc., Respondents.**

No. 546.

United States District Court
S. D. Georgia,
Savannah Division.

April 5, 1957.

William C. Calhoun, U. S. Atty., Augusta, Ga., and Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for plaintiff.

Clyde A. Eltzroth, Hampton, S. C., and John J. Hennessy, Savannah, Ga., for defendant, E. B. Pinckney.

Robert E. Falligant, Savannah, Ga., for defendants, Sam Adler and the Liberty Plumbing Supply and Salvage Co., Inc.

SCARLETT, District Judge.

The libellant in the above-styled case, United States of America, filed a libel of information in personam against the captioned respondents alleging that the respondents were owners of an unnamed, uninspected, undocumented, open hull barge which parted from its mooring due to the fault and negligence of the respondents in failing to exercise due diligence in securing the said barge resulting in its becoming adrift and derelict. The libellant further alleged that while the instant barge was so adrift and derelict it collided with and destroyed a lower flats range front light belonging to the United States Government, a channel marker and navigational aid, stationarily fixed in the Savannah River within this district. The libellant prayed for damages from respondents in the amount of $1,085.21, representing $701.21 as costs of materials used to replace the aforesaid marker and $384 labor.

The respondents each filed a motion to dismiss entitled "Exceptions" to the libellant's action averring: that the facts in the libel are insufficient to constitute a cause of action; that the facts do not constitute a cause of action within the Admiralty and Maritime jurisdiction of this court; and, that the allegations in the said libel fail to show the nature or extent of respondents' alleged ownership of the aforesaid barge.

Subsequently, the respondents, Sam Adler and Liberty Plumbing Supply and Salvage Co., Inc., each filed a timely answer denying each and every allegation of the libel or requiring strict proof thereof. The respondent, E. B. Pinckney, denied ownership of the said barge and thus disclaimed liability.

The issue thus being joined, a hearing was held by this Court sitting in Admiralty without a jury with all parties present, and evidence was introduced by the libellant to establish the complete destruction of the marker in question by the instant barge and the costs of its replacement. The libellant also introduced evidence to establish that the barge immediately prior to becoming derelict was insecurely moored by the respondent, E. B. Pinckney, on property controlled by the said E. B. Pinckney. The libellant introduced further evidence to establish that the barge had been sold either to the respondent, Sam Adler or Liberty Plumbing Supply and Salvage Co., Inc., just prior to its possession by the respondent, E. B. Pinckney, and that the respondent, Sam Adler, individually, or as an officer of the Liberty Plumbing Supply and Salvage Co., Inc., had privity and knowledge of the actions of the respondent, E. B. Pinckney.

The respondent, Sam Adler, admitted that he had owned the barge at one time but introduced evidence to establish that he had transferred title over to respondent, E. B. Pinckney, just prior to the mooring of the barge by the said E. B. Pinckney at the time mentioned.

The respondent, E. B. Pinckney, denied that he had ever owned the barge and testified that he had only moored the barge on the property under his control for the convenience of the respondent, Sam Adler, and that in fact the respondent, Sam Adler, had paid to have the barge sunk after it had caused the destruction of the Government's marker. The respondent, Sam Adler, in reply testified that the payment referred to by respondent, E. B. Pinckney, was made by him because he had contracted with a tow boat operator to move the barge prior to the collision and since the tug boat operator moved the barge after the collision as well with the understanding that Sam Adler was to pay for the towage service payment for both services was made.

The respondents then introduced evidence to establish that in the event that one of them was held to be the owner that the Government's claim for damages should be mitigated because of the depreciation of the usefulness and value of the materials supporting and constituting the marker beacon destroyed.

All parties agreed that the destroyed marker beacon was originally placed in its position in the Savannah River 8 years prior to the collision. The respondents placed two witnesses on the stand to establish the service expectancy of such a beacon. One of these witnesses testified that the piling, which are subjected to the elements of both the air and sea because of the rise and fall of the ocean tide, would last no longer than 15 years; however, the second witness for the respondents testified that the same piling under the same conditions would last 25 years. Both witnesses acknowledged that the superstructure on the piling, which was not touched by the flow of water, would last considerably longer. Both witnesses also acknowledged that the brass lamp and fixtures would have no depreciation.

The libellant introduced evidence to establish that the parts of the superstructure were examined monthly and unsuitable portions thereof, excepting the piling themselves, would be replaced from time to time as necessary.

The evidence having been completed the Court heard oral arguments from the libellant and from counsel representing respondents.

### Findings of Fact and Conclusion of Law.

 This Court is of the opinion that the respondents' motion to dismiss is without merit and that the libellant is entitled to damages from the respondent, E. B. Pinckney, whom this Court finds to be the owner of the derelict barge, in the amount of $893.09 plus costs of the instant action.

With specific respect to the question of jurisdiction raised in the respondents' motion to dismiss, see Benedict on Admiralty, Fifth Edition, Volume 1, page 200, Section 129, with accompanying citations:

"A channel beacon, though built on piles driven into the bottom, is a subject of admiralty jurisdiction for it is completely surrounded by water and is itself a Government aid to navigation so that its practical character and actual relation to shipping have outweighed its mere attachment to what is technically land. A beacon in course of construction is equally within the jurisdiction which extends to a temporary platform used in connection with the work of construction, as the platform is a mere incident to the structure."

Concerning depreciation, this Court finds that: the supporting piling originally valued at $150.80 depreciated in value in the amount of $50; that the treated lumber originally valued at $189.-93 depreciated 25% or $47.48; that the galvanized bolts, screws, angles, washers and nails originally valued at $75.92 depreciated 25% or $18.98; that the paint, both primer and enamel, originally valued at $30.76 depreciated 25% or $7.69; and, that the brass lantern, lampchanger, flasher, shade and batteries originally valued at $253.80 had no depreciation. The Court having found the depreciation of the material used was 17.7% of the original value of $701.21 or $124.15,

the labor of $384 accordingly must be reduced by 17.7% to $316.03.

### Order Denying Motion to Dismiss and Judgment.

Wherefore, It Is Ordered, Adjudged and Decreed that the respondents' motions to dismiss be denied and that the libellant is granted judgment against the respondent, E. B. Pinckney, in the amount of $893.09, plus costs and expenses of this action, and that judgment be entered for said amount against the said respondent, E. B. Pinckney; and

It Is Further Ordered, Adjudged and Decreed that the libel against the respondents, Sam Adler and Liberty Plumbing Supply and Salvage Co., Inc., be, and the same is, hereby dismissed with prejudice against the libellant and without costs.