SAMUEL, Judge.
Plaintiff brought this suit for damages to its Pine Street Wharf on the Mississippi River in the City of New Orleans. A cluster of pilings was damaged when two barges being towed by the Tug ANNIE H drifted into the wharf. The defendants are Clifford C. Northon, Jr., and Star Towing Co., Inc., respectively the owner and the *718 operator of the Tug ANNIE H, Federal Barge Lines, owner of the barges involved, Travelers Insurance Co., Federal’s liability insurer, and Chotin Transportation Co., Inc., owner of the Tug CHOTIN. Federal Barge Lines and Travelers Insurance Co. filed with their answers a third party petition against Northon and Star Towing Co., Inc., for indemnification of any judgment rendered against those two third party petitioners.
Plaintiff introduced into evidence three bids submitted by Boh Bros. Construction Co., Inc., H. B. Fowler & Co., Inc. and W. Horace Williams Co., which concerns, respectively, proposed to perform the repair work for $2,960.00, $1,885.00 and $1,-876.00. Defendants introduced into evidence a repair estimate submitted by Harvey Tug & Barge Co., Inc., in the amount of $1,250.00. In addition, one of defendants’ witnesses, Durwood Dunn, owner of Durwood Dunn, Inc., testified that he had examined the damage and estimated the cost of repair at $1,002.00. With the exception of the bid by W. Horace Williams Co., which was made a few days after the collision, none of the bids or estimates was made until the first day of the trial in the district court.
The record also contains a report of survey by Arthur A. Grant, marine surveyor and appraiser, which describes the damage to the cluster and recommends what should be done to repair the same. The report mentions the fact that W. Horace Williams Co. had submitted a price of $1,876.00 (this was the only bid or estimate which had been made at the time of the survey six days after the collision) to make the repairs and concludes with this paragraph:
“The cluster and bracing is about ten years old, so the pile is therefore soft, and a depreciation of 50% should be allowed from the cost of material only, say $250.00.”
Judgment was rendered in the trial court in favor of plaintiff and against Northon and Star Towing Co., Inc., in the amount of $1,626.00, the amount of the bid submitted by W. Horace Williams Co. less the depreciation allowance of $250.00 as recommended in the Grant report: The judgment dismissed plaintiff’s suit against the other named defendants and also dismissed the third party demand. Northon and Star Towing have appealed. The appeal is limited to the question of quantum; appellants now concede liability on their part and contend only that the damages awarded by the trial court should be reduced.
Defendants make two contentions: (1) damages should have been awarded on the basis of the lowest estimate, that of Dur-wood Dunn, Inc., of $1,002.00 instead of on the basis of the bid of W. Horace Williams Co. in the amount of $1,876.00, the latter-being only the third lowest of the five bids or estimates in evidence; and (2) in any event plaintiff is entitled to recover only an amount equal to the replacement value of the pile cluster minus 50% depreciation of the entire cost of that replacement.
The record reveals that the work-involved is highly specialized and if not done by a competent marine contractor further damage, such as destruction of other-pile clusters and supports, could result. The-three concerns which submitted the bids offered into evidence by plaintiff do 90% to 95% of that type of marine work in the-City of New Orleans. The lowest of those three bidders, Williams, has had many years of experience in such work, is recognized, as an expert in the field, and had done satisfactory work for plaintiff during the preceding six years.
Durwood Dunn, Inc., was a concern which had been in the marine contracting-business for only two years and its owner;. Durwood Dqnn, had only a total- of four-years experience. Dunn had three permanent employees, less than the number required to operate the equipment used in the repair work here involved, and employed' additional help as needed. The experience, reputation and previous performances on-contracts of Mr. Dunn and his concern are- *719 necessarily limited by the short time during which they had done this type of marine contracting and cannot be compared with the experience and reputation of W. Horace Williams Co. Other than the estimate it submitted, the record is devoid of any evidence whatsoever relative to Harvey Tug & Barge Co., Inc.
The experience, reputation, skill, integrity, previous conduct on contracts and other factors bearing upon the successful performance of the contract to repair the pile cluster are elements to be considered in choosing the bid upon which to base a judgment. When these factors are considered it is quite clear that the trial court properly based its judgment upon the bid of W. Horace Williams Co.
In connection with their second contention defendants argue that the substantive rules of maritime law are applicable 'in the instant case, that under the Federal jurisprudence the guide to be used in determining the amount of damages due a plaintiff for damage done to a wharf is replacement value minus depreciation (Patterson Terminals, Inc. v. S.S. Johannes Frans, D.C., 209 F.Supp. 705, United States v. Pinckney, D.C., 150 F.Supp. 790, General American Transp. Corp. v. The Patricia Chotin, D.C., 120 F.Supp. 246), that the pile cluster here involved was depreciated 50% at the time of the collision, and therefore that a depreciation of the entire replacement value, including both labor and materials, should have been allowed. We find it unnecessary to consider this contention beyond holding that the condition of the wharf, i e., the extent to which it was depreciated at the time of the incident, cannot be determined from the record with sufficient certainty to form the basis of a judgment
The only evidence relative to depreciation is that portion of the Grant report which we have quoted hereinabove. The report does not state the cluster was 50% depreciated. It states simply that the cluster is “about” 10 years old, the pile is soft, and “a depreciation of 50% should be allowed from the cost of material only, say $250.00.” It does not say that the cluster is 10 years old, it merely estimates the age. Nor does it contain any information relative to the life to be expected from the cluster. As we interpret the report the reference to 50% depreciation from the cost of material only, followed by the figure $250.00, is simply a recommendation by the surveyor as to what he considered a proper allowance to settle the claim. The plaintiff has made and makes no objection to the trial court judgment which deducted the suggested amount from the contract cost of replacement.
The judgment appealed from is affirmed.
Affirmed.