**ALLIED CHEMICAL CORPORATION**

v.

**EDMUNDSON TOWING COMPANY,**
Inc., Crystal River Barge Line, Inc., and the **TUGBOAT PERRY N,** her engines, tackle, furniture, etc.

No. 8287.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Dec. 22, 1970.

Gene W. Lafitte, Liskow & Lewis, New Orleans, La., for plaintiff.

Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, La., for defendants.

HEEBE, District Judge:

Allied Chemical Corporation brought this suit against Edmundson Towing Company, Inc., Crystal River Barge Line, Inc. and the Tugboat PERRY N for damages to plaintiff's loading dock allegedly caused when the PERRY N collided with the dock. The basic issue presented by the pleadings was whether this collision had in fact occurred.

The case came on for trial without a jury on a previous day and the Court, having heard the arguments of counsel, having conferred with counsel prior to trial regarding the legal issues, and having duly considered all of the evidence, is now fully advised in the premises and makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. At all times relevant herein,

a) Plaintiff Allied Chemical Corporation was a New York corporation;

b) Defendant Edmundson Towing Company, Inc. (Edmundson) was a Louisiana corporation;

c) Defendant Crystal River Barge Line, Inc. (Crystal) was a Louisiana corporation; and

d) The tug PERRY N was within the jurisdiction of this Court.

2. At all times relevant plaintiff was the owner of a dock facility located on a slip cut into the East Bank of Bayou Dupre, in St. Bernard Parish, Louisiana, constructed there as a site for loading onto barges petroleum products of a nearby gas processing plant. The plaintiff has several pile clusters at this location. These clusters and the dock facility were constructed in 1962.

3. At all times relevant defendant Crystal was the owner and operator of the PERRY N.

4. At all relevant times, Edmundson Towing Company, Inc., was neither the operator nor the owner of the tug PERRY N or the barge CITY OF OSTRICA.

5. On or about June 16 or June 17, 1965, the PERRY N arrived at plaintiff's dock with the barge CITY OF OSTRICA in tow for the purpose of loading said barge with petroleum products. In maneuvering to dock at the loading facility, the PERRY N swung too wide in her course and struck a 7-pile cluster at an excessive rate of speed, pushing the cluster over and causing its complete loss.

6. The cost of replacement of this broken cluster was $3,500.00. The average life expectancy of this cluster, under normal use, would be twenty years.

7. The statement made by Captain Kenneth Lindsay, skipper of the PERRY N when the collision occurred, and offered into evidence by defendant, was made in contemplation of this litigation and not in the regular course of his business.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action and venue is properly laid in the Eastern District of Louisiana. 28 U.S.C. § 1333.

2. A moving vessel which collides with a stationary structure is presumptively at fault. Sewerage & Water Bd. v. The Joe L. Hill, 118 F.Supp. 951 (E.D.La.1954), aff'd Koch-Ellis Marine Contractors v. Sewerage and Water Bd. of New Orleans, 218 F.2d 771 (5th Cir. 1955). Defendant has failed to rebut this presumption.

3. An out-of-court statement favorable to the defendant and made by the deceased captain at the request of his employer, the defendant, for use in the litigation is hearsay and not admissible by the defendant under the business records or any other exception to the hearsay rule. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Hagans v. Ellerman & Bucknall S. S. Co., 318 F.2d 563, 576 (3rd Cir. 1963). However, as requested by defense counsel, the offer of the deceased

**450**

captain's statement will be considered as an offer of proof on behalf of the defense.

4. The measure of plaintiff's damages is the cost of replacing the damaged piling clusters less reasonable depreciation. Rawls Bros. Contractors, Inc. v. United States, 251 F.Supp. 47 (M.D.Fla.1966); General American Transp. Corp. v. The Patricia Chotin, 120 F.Supp. 246 (E.D.La.1954).

5. Since the life expectancy of this piling cluster is twenty years, and since the cluster was three and one-half years old at the time of the collision, plaintiff is entitled to sixteen and one-half twentieths of the replacement cost of $3,500.00 together with interest thereon of 5% per annum from date of judgment until paid and all costs of this proceeding.

6. Edmundson Towing Company, Inc., should be dismissed from this litigation.

Let judgment be entered accordingly in favor of the plaintiff and against the defendants, Crystal River Barge Line, Inc., and the Tugboat PERRY N. Further, let there be judgment herein dismissing Edmundson Towing Company, Inc., from this litigation.