**WITCO CHEMICAL CORPORATION**

**v.**

**M/V MISS CAROLYN, Her Engines, etc., in rem, and Port Arthur Towing Company in personam.**

**Civ. A. No. 74–738.**

United States District Court,
W. D. Louisiana,
Monroe Division.

Jan. 25, 1977.

As Amended on Denial of a New Trial and/or a Rehearing Feb. 15, 1977.

John J. Broders, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

Thomas M. Hayes, Hayes, Harkey, Smith & Cascio, Monroe, La., John L. Yates, Ross, Griggs & Harrison, Houston, Tex., for defendants.

DAWKINS, Senior District Judge.

### RULING ON THE MERITS

Plaintiff here sues for damages to its dock-loading facility on the Ouachita River south of Monroe, Louisiana, due to an apparent collision allegedly caused by defendant's tug. It brought suit both *in rem* against defendant's vessel and *in personam* against defendant itself, under our admiralty jurisdiction set forth in 28 U.S.C. § 1333,[1] and mentioned in the rules of pleading in F.R.C.P. 9(h).[2]

---

1. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

   "(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

"(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize."

2. "(h) *Admiralty and maritime claims.* A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the dis-

A brief trial on the merits was held on May 12, 1976; but most of the facts were stipulated or agreed to be introduced by filing depositions in accordance with the pretrial stipulation filed on March 3, 1975, and the amended pretrial stipulation filed on November 6, 1975. After trial, we took the case under advisement. Just recently, the last posttrial briefs were filed, so we now issue our opinion on the merits.

Most of the time spent at trial and taking depositions was devoted to the issue of damages; however, it is unnecessary that we address that issue since we feel plaintiff has failed to prove by a clear preponderance of the evidence that defendant caused damage to its dock.

Plaintiff's entire case is built around circumstantial evidence tending to show that its dock was damaged on or about December 13, 1973, and that defendant's vessel was allegedly the only vessel navigating that portion of the Ouachita River where plaintiff's dock is located during the time the damage was done; therefore, it would be logical to assume that defendant caused the damage to plaintiff's dock. Plaintiff has not met its burden of proof because, in order to find against defendant, we would indulge in speculation far afield from the actual evidence presented.

Plaintiff adduced evidence that the Ouachita River had a strong current and was swollen in December of 1973; that its dock appeared to have been damaged by a vessel travelling south on the River; that the dock was situated near a sharp turn in the River; that the Miss Carolyn, defendant's tugboat, travelled past plaintiff's dock between midnight and 2:00 A.M. on December 13, 1973, the date the dock allegedly was damaged; and that she took as long to navigate downstream unloaded as she did loaded while proceeding upstream about the time of the accident.

Defendant deposed the tug's pilot who said she did not strike plaintiff's dock, nor did the barges he was transporting. Defendant also put on evidence that none of the ship's crew were awakened by a collision on the night of December 13; that there might have been other ships navigating the River on or about December 13, 1973, because logs from an upstream lock and a downstream bridge were inaccurate in describing each vessel which passed; that the tug's pilot idled downstream because he was travelling on a swift downstream current at night; that repairs were being made on plaintiff's dock even prior to the alleged damage; and that neither the tug nor her barges were damaged during her return downstream.

A very significant fact remains unexplained by plaintiff. A great deal of red paint was found on the north side of the dock's damaged dolphins. A repairman testified that the paint had been rubbed or brushed off onto the pilings and could have been left there by a vessel travelling downstream. The tug's hull was painted black with a white superstructure and her barges painted with black sides and grey decks.

"§ 7–2. Collision liability is based on fault; the mere fact of impact has no legal consequence. The rules denying liability in cases of 'inscrutable' fault or of 'inevitable accident should be looked on as mere obvious corollaries of this principle. Since these phrases are sometimes used, however, with a suggestion of some more artful meaning than this, it might be well to notice them briefly.

"'Inscrutable fault' is said to exist when 'the court can see that a fault has been committed, but is unable, from the conflict of testimony, or otherwise, to locate it.' The seemingly settled rule is that in such a case no one can recover anything. Obviously, if liability must

---

trict court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes

whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28 U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h)."

rest on fault, there can be no liability where proof fails as to who is at fault; in such a position, no one has made out a case on which liability can be predicated.

\* \* \* \* \* \*

"7–6. Wrongful collision creates a lien in the offending vessel, and, usually, a personal liability in her owner, so that collision suits may be brought by action *in personam* or *in rem* or both." Gilmore and Black, *The Law of Admiralty*, (2d ed.), 1975, Ch. VII, pages 486 and 498.

Plaintiff cites the following in its trial brief,

"2. In order to establish the existence of a fact, direct evidence is not required. Circumstantial evidence is not only sufficient, but in some instances may be more certain and satisfying and more persuasive than direct evidence. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; *Michalic v. Cleveland Tankers*, 364 U.S. 325, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960).

\* \* \* \* \* \*

"4. Where a moving vessel causing damage to a stationary object is identified by a preponderance of the evidence, as the Court feels has been done in the present case, there is a presumption that the collision occurred through the negligence of the moving vessel. *Sewerage and Water Board of New Orleans v. The Joe L. Hill*, 118 F.Supp. 951 (E.D.La.1954) and cases cited therein."

But plaintiff deleted paragraph (3) appearing between the above two: it reads,

"3. While it is very difficult in some instances to determine which vessel is responsible for damage to pilings protecting a bridge, nevertheless this difficulty does not relieve the bridge owner of identifying the vessel responsible. Until such identification is made by a preponderance of the evidence, the presumption of negligence against the vessel underway striking a stationary object does not arise. *Wabash Railroad Co. v. The Irene Chotin*, 175 F.Supp. 709 (E.D.La.1959)." *Southern Pacific Co. v. Commercial Transport Corp., et al.*, 249 F.Supp. 377 (E.D.La. 1966).

The law is settled in admiralty actions that plaintiffs must prove their claims by a preponderance of the evidence, whether direct or circumstantial. Therefore, they have the burden of proof. *Skidmore v. Grueninger*, 506 F.2d 716 (5th Cir., 1975); *Movible Offshore, Inc. v. M/V Wilken A. Falgout et al.*, 471 F.2d 268 (5th Cir., 1973). "The nature and degree of exactness of the findings depend on the circumstances of the particular case." *Compania Anonima Venezolano de Navegacion v. Matthews*, 371 F.2d 971, 973 (5th Cir., 1967), cert. denied, 389 U.S. 820, 88 S.Ct. 37, 19 L.Ed.2d 71 (1967).

Plaintiff here has failed to prove defendant's liability for the accident. Undoubtedly plaintiff's dock was damaged, but the evidence presented is too tenuous and speculative to cast defendant in judgment.

A proper decree should be presented by defendant's counsel within five days.